PER CURIAM.
 

 This matter is before the Court for consideration of comments concerning this Court’s recent amendments to the Florida Rules of Civil Procedure, Forms for Use with Rules of Civil Procedure, Florida Family Law Rules of Procedure, and Florida Supreme Court Approved Family Law Forms in response to a petition filed by the Task Force on the Management of Cases Involving Complex Litigation (Task Force).
 
 See In re Amendments to the Fla. Rules of Civil Procedure
 
 — Mgmt.
 
 of Cases Involving Complex Litig.,
 
 15 So.3d 558 (Fla.2009). The comments we received primarily relate to the amended Civil Cover Sheet, Form 1.997 and the new Family Court Cover Sheet, Form 12.928. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 On July 1, 2009, the Court published for comment in
 
 The Florida Bar News
 
 the following rules and forms: Florida Rule of Civil Procedure 1.201 (Complex Litigation); Florida Rule of Civil Procedure 1.440 (Setting Action for Trial); Form for Use with Rules of Civil Procedure 1.997 (Civil Cover Sheet); Form for Use with Rules of Civil Procedure 1.998 (Final Disposition Form); Florida Family Law Rule of Procedure 12.100 (Pleadings and Motions); Florida Family Law Rule of Procedure 12.201 (Complex Litigation); and Florida Supreme Court Approved Family
 
 *478
 
 Law Form 12.928 (Family Court Cover Sheet).
 

 The Court received five comments, which addressed only rules 12.100 and 12.015 and forms 1.997, 1.998, and 12.928.
 
 [1]
 
 Each of the comments — which were filed by (1) The Honorable Lauren C. Laughlin, Circuit Court Judge, Sixth Judicial Circuit; (2) the Commission on Trial Court Performance and Accountability (TCP & A); (3) Lawyer Randall L. Gilbert; (4) the Family Law Rules Committee; and (5) the Steering Committee on Families and Children in the Court — offered specific, helpful suggestions to improve these forms and rules. The Task Force filed a response to the comments. In its response, the Task Force expressed approval of all of the revisions suggested by the commenters.
 

 AMENDMENTS
 

 Upon consideration, we amend forms 1.997 and 1.998 as suggested by the Task Force and commenters with only minor modifications as shown in the appendix.
 
 [2]
 
 The Task Force’s response to the comments also considered and incorporated the proposed amendments to the civil cover sheet, form 1.997, made in the emergency rule proposal in
 
 In re Amendments to Rules of Civil Procedure and Forms for Use with Rules of Civil Procedure,
 
 No. SC09-1460 (Fla. petition filed Aug. 17, 2009), which was filed by the Court’s Task Force on Residential Mortgage Foreclosure Cases (TFRMFC). Accordingly, those amendments are also adopted here.
 

 Next, we amend form 12.928 as suggested by the comments. Because form 12.928 as shown in the appendix to this opinion is fully engrossed, we briefly describe the amendments being made to the form from the version adopted by the Court in its earlier opinion. Initially, we amend the form’s title to “Cover Sheet for Family Court Cases” to more accurately describe the need to file the cover sheet in actions covered by both the Florida Family Law Rules of Procedure and the Florida Rules of Juvenile Procedure. In part II of the form, under “Type of Action/Proeeeding,” we add an “Other” category and define it in the instructions to include “All reopening actions not involving modification/supplemental petitions or petition enforcement” to more accurately capture information on these cases that might otherwise be missed and, therefore, underreported. We add the categories of “Shelter Petition,” “Termination of Parental Rights Arising Out of Chapter 39,” “Adoption Arising Out Of Chapter 39,” and “CINS/FINS” for these same reasons. “Dating Violence,” “Repeat Violence,” and “Sexual Violence” are now separate categories, instead of subcategories of “Domestic Violence.” As these were the only subcategories on the form, we remove language in the form and directions concerning subcategories.
 

 More descriptive titles are being given to “Support IV-D,” “Support Non-IV-D,” “UIFSA IV-D,” and “UIFSA Non-IV-D” to assist persons appearing pro se in properly completing the form. A nonlawyer
 
 *479
 
 signature block is being added to the end of the form and other nonsubstantive changes are being made to conform to the other family law forms. Finally, the check boxes are replaced with blanks and the letters assigned to each category in the instructions portion of the form are added to the categories on the form itself for ease of cross-reference in completing the form.
 

 We also amend form 12.928 to make it a Florida Family Law Rule of Procedure Form, as opposed to a Florida Supreme Court Approved Family Law Form, as requested by the Family Law Rules Committee. This change will require the Family Law Rules Committee to be responsible for proposing amendments and corrections to the form as necessary. In proposing amendments to the form, the Family Law Rules Committee is to consult with the Juvenile Rules Committee and the Steering Committee on Families and Children in the Court.
 

 Our intent is to ensure that form 12.928, as adopted herein, is filed in
 
 all
 
 cases under the Florida Family Law Rules of Procedure or the Florida Rules of Juvenile Procedure. To this purpose, we amend Florida Family Law Rule of Procedure 12.015 (Family Law Forms) to identify form 12.928 as a Florida Family Law Rules of Procedure Form and rule 12.100 to require a party opening or reopening a case under the family law rules to file form 12.928 with the clerk of the circuit court. As there is currently no juvenile rule requiring use of this form, we request that the Juvenile Court Rules Committee propose amendments to the juvenile rules to require use of form 12.928 in all cases filed under those rules as quickly as possible using the fast-track rule amendment process.
 

 CONCLUSION
 

 Accordingly, we amend Forms for Use with Rules of Civil Procedure 1.997 (Civil Cover Sheet) and 1.998 (Final Disposition Form), Florida Family Law Rules of Procedure 12.015 (Family Law Forms) and 12.100 (Pleadings and Motions), and Florida Supreme Court Approved Family Law Form 12.928 (Family Court Cover Sheet) as set forth in the appendix to this opinion. Form 12.928 is set forth fully engrossed. In the remaining forms and rules, new language is indicated by underscoring; deletions are indicated by struck-through type. As previously set forth in our prior opinion in this case issued in May 2009, the amendments to form 1.997 (Civil Cover Sheet) and form 12.928 (Family Court Cover Sheet) shall become effective January 1, 2010, at 12:01 a.m. The remainder of the amendments shall become effective immediately.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 [[Image here]]
 

 
 *480
 
 [[Image here]]
 

 
 *481
 
 [[Image here]]
 

 FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
 

 Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Family Court Cover-Sheet, Florida Supreme Court-Approved Family Law Form 3&92gFlorida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.
 

 I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiffs) and defendant(s).
 

 II. Type of Case. Place an “X” in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an “X” in the category and subeategory boxes. Definitions of the cases are provided below in the order they appear on the form.
 

 (A) Condominium — all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party-
 

 (B) Contracts and indebtedness — -all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
 

 (C) Eminent domain — all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
 

 (D) Auto negligence — all matters arising out of a party’s allegedly negligent operation of a motor vehicle.
 

 
 *482
 
 (E) Negligence — other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
 

 (F) Business governance — all matters relating to the management, administration, or control of a company.
 

 (G) Business torts — all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.
 

 (H) Environmental/Toxic tort — all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
 

 (I) Third party indemnification — all matters relating to liability transferred to a third party in a financial relationship.
 

 (J) Construction defect — all civil lawsuits pursuant to Chapter 558, Florida Statutes, in which damage or injury was allegedly caused by a failure to follow-acceptable construction trade standards defects in the construction of a structure.
 

 (K) Mass tort — all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
 

 (L) Negligent security — all matters involving injury to a person or property allegedly resulting from insufficient security.
 

 (M) Nursing home negligence — all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
 

 (N) Premises liability — commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
 

 (O) Premises liability — residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
 

 (P) Products liability — all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
 

 (Q) Real property/Mortgage foreclosure— all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
 

 (R) Commercial foreclosure — all matters relating to the termination of a business owner’s interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
 

 (S) Homestead Presidential foreclosure— all matters relating to the termination of a residential property owner’s interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
 

 (T) Nonhomestead residential foreclosure — all matters relating to the termination of a residential property owner’s interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
 

 (U) Other real property actions — all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the
 
 *483
 
 category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
 

 (V) Professional malpractice — all professional malpractice lawsuits.
 

 (W) Malpractice — business—all matters relating to a business’s or business person’s failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.
 

 (X) Malpractice — medical—all matters relating to a doctor’s failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.
 

 (Y) Malpractice — other professional — all matters relating to negligence of those other than medical or business professionals.
 

 (Z) Other — all civil matters not included in other categories.
 

 (AA) Antitrust/Trade regulation — all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.
 

 (AB) Business transactions — all matters relating to actions that affect financial or economic interests.
 

 (AC) Constitutional challenge — statute or ordinance — a challenge to a statute or ordinance, citing a violation of the Florida Constitution.
 

 (AD) Constitutional challenge — proposed amendment — a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.
 

 (AE) Corporate trusts — all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.
 

 (AF) Discrimination — employment or other — all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages
 

 (AG) Insurance claims — all matters relating to claims filed with an insurance company.
 

 (AH) Intellectual property — all matters relating to intangible rights protecting commercially valuable products of the human intellect.
 

 (AI) Libel/Slander — all matters relating to written, visual, oral, or aural defamation of character.
 

 (AJ) Shareholder derivative action — all matters relating to actions by a corporation’s shareholders to protect and benefit all shareholders against corporate management for improper management.
 

 (AK) Securities litigation — all matters relating to the financial interest or instruments of a company or corporation.
 

 (AL) Trade secrets — all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.
 

 (AM) Trust litigation — all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.
 

 III. Remedies Sought. Place an “X” in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.
 

 IV. Number of Causes of Action. If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.
 

 V. Class Action. Place an “X” in the appropriate box.
 

 
 *484
 
 VI. Related Cases. Place an “X” in the appropriate box.
 

 VII. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether a jury trial is being demanded in the complaint
 

 ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.
 

 [[Image here]]
 

 
 *485
 
 INSTRUCTIONS FOR ATTORNEYS COMPLETING FINAL
 

 DISPOSITION FORM
 

 I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned to the case and the names (last, first, middle initial) of plaintiff(s) and defendant(s).
 

 II. Means of Final Disposition. Place an “x” in the appropriate major category box and in the appropriate subcategory box, if applicable. The following are the definitions of the disposition categories.
 

 (A) Dismissed Before Hearing — the case is settled, or voluntarily dismissed, or otherwise disposed of before a hearing is held;
 

 (B) Dismissal Pursuant to Settlement— Before Hearing — the case is voluntarily dismissed by the plaintiff after a settlement is reached without mediation before a hearing is held;
 

 (C) Dismissal Pursuant to Mediated Settlement — Before Hearing — the case is voluntarily dismissed by the plaintiff after a settlement is reached with mediation before a hearing is held;
 

 (D) Other — Before Hearing — the case is dismissed before hearing in an action that does not fall into one of the other disposition categories listed on this form.
 

 (B) (E) Dismissed After Hearing- — the case is dismissed by a judge, voluntarily dismissed, or settled after a hearing is held;
 

 (F)Dismissal Pursuant to Settlement— After Hearing — the case is voluntarily dismissed by the plaintiff after a settlement is reached without mediation after a hearing is held;
 

 (G) Dismissal Pursuant to Mediated Settlement — After Hearing — the case is voluntarily dismissed by the plaintiff after a settlement is reached with mediation after a hearing is held;
 

 (H) Other-After Hearing-the case is dismissed after hearing in an action that does not fall into one of the other disposition categories listed on this form.
 

 (G)(1) Disposed by Default — a defendant chooses not to or fails to contest the plaintiffs allegations and a judgment against the defendant is entered by the court;
 

 (P)(J) Disposed by Judge — a judgment or disposition is reached by the judge in a case that is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing, and any matter in which a judgment is entered excluding cases disposed of by default as in category (e)(1) above;
 

 (E)(K) Disposed by Non-Jury Trial— the case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and law in the case;
 

 (E)(L) Disposed by Jury Trial — the case is disposed as a result of a jury trial (consider the beginning of a jury trial to be when the jurors and alternates are selected and sworn);
 

 (G) Dismissal Pursuant to Settlement— the case is voluntarily dismissed — by—the plaintiff after a settlement is reached without-mediation;
 

 (-H-)-Dismissal — Pursuant—fee—Mediated Befefelemenfe-fehe — ease—is voluntarily — dismissed-by-the plaintiff-after- a settlement is reached with mediation;
 

 (I)(M) Other — the ease is consolidated, submitted to arbitration or mediation, transferred, or otherwise disposed of by other means not listed in categories (A) through (H)(L).
 

 
 *486
 
 DATE AND ATTORNEY SIGNATURE.
 

 Date and sign the final disposition form.
 

 RULE 12.015.FAMILY LAW FORMS
 

 (a)Forms Adopted as Rules. The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2.140. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions. These forms shall be designated “Florida Family Law Rules of Procedure Forms.” Forms coming under this provision are:
 

 (1)12.900(a), Disclosure From Nonlaw-yer;
 

 (2)12.900(b), Notice of Limited Appearance;
 

 (3)12.900(c), Consent to Limited Appearance by Attorney;
 

 (4)12.900(d), Termination of Limited Appearance;
 

 (5)12.900(e), Acknowledgment of Assistance by Attorney;
 

 (6)12.900(f), Signature Block for Attorney Making Limited Appearance;
 

 (7) 12.900(g), Agreement Limiting Representation;
 

 (8) 12.900(h), Notice of Related Cases;
 

 (9) 12.901(a), Petition for Simplified Dissolution of Marriage;
 

 (10) 12.902(b), Family Law Financial Affidavit (Short Form);
 

 (11) 12.902(c), Family Law Financial Affidavit;
 

 (12) 12.902(e), Child Support Guidelines Worksheet;
 

 (13) 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;
 

 (14) 12.910(a), Summons: Personal Service on an Individual;
 

 (15) 12.913(b), Affidavit of Diligent Search and Inquiry;
 

 (16) 12.913(c), Affidavit of Diligent Search;
 

 (17) 12.920(a), Motion for Referral to General Magistrate;
 

 (18) 12.920(b), Order of Referral to General Magistrate;
 

 (19) 12.920(c), Notice of Hearing Before General Magistrate;
 

 (20) 12,928, Cover Sheet for Family Court Cases;
 

 (201) 12.930(a), Notice of Service of Standard Family Law Interrogatories;
 

 (212) 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;
 

 (223) 12.930(c), Standard Family Law Interrogatories for Modification Proceedings;
 

 (234) 12.932, Certificate of Compliance with Mandatory Disclosure; and
 

 (245) 12.990(a), Final Judgment of Simplified Dissolution of Marriage.
 

 (b)Other Family Law Forms. All additional Supreme Court approved forms shall be adopted by opinion of the Supreme Court of Florida and outside of the rulemaking procedures required by rule 2.140. These forms shall be designated “Florida Supreme Court Approved Family Law Forms.”
 

 Commentary
 

 2000 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added simplified forms and directions to the Florida Family Law Rules of Procedure when adopting the rules in 1995. These forms initially had been adopted by the Court in
 
 In
 
 re
 
 Family Law Rules of Procedure,
 
 663 So.2d 1049 (Fla.1995);
 
 In re Petition for
 
 
 *487
 

 Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar
 
 — Stepparent
 
 Adoption Forms,
 
 613 So.2d 900 (Fla.1992), and
 
 Rules Regulating The Florida Bar
 
 — Approval
 
 of Forms,
 
 581 So.2d 902 (Fla.1991).
 

 In 1997, in an effort to fulfill the spirit of the Courts directives to simplify the process of litigation in family law matters, the Family Court Steering Committee completely revised the existing forms and added new forms and instructions. The rules and forms then constituted more than 500 pages.
 

 Subdivision (b) of Tthis rule was adopted in recognition that the forms would require continuous updating and that the rulemak-ing process was too cumbersome for such an undertaking.
 

 2009 Amendment. In 2009, Subdivision (a)(20) was adopted to require the filing of a Cover Sheet for Family Court Cases, Form 12.928, in every proceeding to which the Florida Family Law Rules of Procedure apply and to require the Family Law Rules Committee to be responsible for proposing amendments as necessary.
 

 RULE 12.100.PLEADINGS AND MOTIONS
 

 Pleadings and motions shall be governed by Florida Rule of Civil Procedure 1.100, except that
 

 (a) the party opening or reopening a case under these rules shall file with the clerk of the circuit court Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases; and
 

 (b) the requirement in rule 1.100(c)(3) that parties file a final disposition form with the clerk if the action is settled without a court order or judgment being entered or if the action is dismissed by the parties, shall not apply to proceedings governed by these rules.
 

 Commentary
 

 1995 Adoption. This rule provides that pleadings and motions are to be governed by Florida Rule of Civil Procedure 1.100. The cover sheets and disposition forms described in that rule shall be the same cover sheets and disposition forms used in family law proceedings.
 

 Florida Family Law Rules of Procedure Form 12.928,
 

 Cover Sheet for Family Court Cases (01/10)
 

 When should this form be used?
 

 The Cover Sheet for Family Court Cases and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner/party opening or reopening a case for the use of the clerk of the circuit court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.
 

 This form should be typed or printed in black ink. The petitioner must file this cover sheet with the first pleading or motion filed to open or reopen a case in all domestic and juvenile cases.
 

 What should I do next?
 

 Follow these instructions for completing the form:
 

 I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of the petitioner(s) and respondent(s).
 

 II. Type of Action /Proceeding. Place a check beside the proceeding you are initiating. If you are simultaneously filing more than one type of proceeding against the same opposing party, such
 
 *488
 
 as a modification and an enforcement proceeding, complete a separate cover sheet for each action being filed.
 

 (A) Initial Action/Petition
 

 (B) Reopening Case. If you check “Reopening Case,” indicate whether you are filing a modification or supplemental petition or an action for enforcement by placing a check beside the appropriate action/petition.
 

 1. Modification/Supplemental Petition
 

 2. Motion for Civil Contempt/ Enforcement
 

 3. Other — All reopening actions not involving modification/supplemental petitions or petition enforcement.
 

 III. Type of Case. Place a check beside the appropriate case. If the case fits more than one category, select the most definitive. Definitions of the categories are provided below.
 

 (A) Simplified Dissolution of Marriage petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
 

 (B) Dissolution of Marriage — petitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.
 

 (C) Domestic Violence — all matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
 

 (D) Dating Violence — all matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes.
 

 (E) Repeat Violence — all matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes.
 

 (F) Sexual Violence — all matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes.
 

 (G) Support — IV-D—all matters relating to child or spousal support in which an application for assistance has been filed with the Department of Revenue, Child Support Enforcement under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.
 

 (H) Support-Non — IV-D—all matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
 

 (I) UIFSA — IV-D—all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.
 

 (J) UIFSA-Non IV-D — all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
 

 (K) Other Family Court — all matters involving time-sharing and/or parenting plans relating to minor child(ren), support unconnected with dissolution of marriage, annulment, delayed birth certificates pursuant to Florida Statutes section 382.0195, expedited affirmation of parental status pursuant to Florida Statutes section 742.16, termination of parental rights proceedings pursuant to Florida Statutes section 63.087, declaratory judgment actions related to premarital, marital, post-marital agreements, or other matters not included in the categories above.
 

 
 *489
 
 (L) Adoption Arising Out of Chapter 63 — all matters relating to adoption pursuant to Chapter 63, Florida Statutes, excluding any matters arising out of Chapter 39, Florida Statutes.
 

 (M) Name Change — all matters relating to name change, pursuant to section 68.07, Florida Statutes.
 

 (N) Paternity/Disestablishment of Paternity — all matters relating to paternity pursuant to Chapter 742, Florida Statutes.
 

 (O) Juvenile Delinquency — all matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes.
 

 (P) Petition for Dependency — all matters relating to petitions for dependency.
 

 (Q) Shelter Petition — all matters relating to shelter petitions pursuant to Chapter 39, Florida Statutes.
 

 (R) Termination of Parental Rights Arising Out of Chapter 39 — all matters relating to termination of parental rights pursuant to Chapter 39, Florida Statutes.
 

 (S) Adoption Arising Out of Chapter 39 — all matters relating to adoption pursuant to Chapter 39, Florida Statutes.
 

 (T) CINS/FINS — all matters relating to children in need of services (and families in need of services) pursuant to Chapter 984, Florida Statutes.
 

 ATTORNEY OR PARTY SIGNATURE.
 

 Sign the Cover Sheet for Family Court Cases. Print legibly the name of the person signing the Cover Sheet for Family Court Cases. Attorneys must include a Florida Bar number. Insert the date the Cover Sheet for Family Court Cases is signed. Signature is a certification that filer has provided accurate information on the Cover Sheet for Family Court Cases.
 

 Nonlawyer Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see Rule 12.100, Florida Family Law Rules of Procedure.
 

 Cover Sheet for Family Court Cases
 

 [[Image here]]
 

 
 *490
 
 [[Image here]]
 

 
 *491
 
 [[Image here]]
 

 [1]
 

 . None of the comments pertained to Florida Rules of Civil Procedure 1.201 or 1.440 or to Florida Family Law Rule of Procedure 12.201. Therefore, these rules remain as amended in
 
 In re Amendments to the Florida Rules of Civil Procedure
 
 — Management
 
 of Cases Involving Complex Litigation,
 
 15 So.3d 558 (Fla.2009).
 

 [2]
 

 . We carefully considered the Task Force's and the TCP & A’s suggestions concerning an administrative amendment process for the amendment of forms 1.997 and 12.928. While we recognize certain advantages to amending the cover sheets through an administrative process, we currently have no specific process in place that would streamline the adoption of changes to these cover sheets. Certainly, if the TCP & A would like to propose such a process for the future, we would consider any such proposal.