44 So.3d 555 (2010)
In re AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.
In re Amendments to The Florida Rules of Civil ProcedureForm 1.996 (Final Judgment of Foreclosure).
Nos. SC09-1460, SC09-1579.
Supreme Court of Florida.
February 11, 2010.
As Modified on Denial of Rehearing June 3, 2010.
Mark A. Romance, Chair, Civil Procedure Rules Committee, Miami, FL; Jennifer D. Bailey, Chair, Task Force on Residential Mortgage Foreclosure Cases, Eleventh Judicial Circuit, Miami, FL and Alan B. Bookman, Task Force on Residential Mortgage Foreclosures, Pensacola, FL; John F. Harkness, Jr., Executive Director, and Madelon Horwich, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioners.
Henry P. Trawick, Jr., Sarasota, FL; Virginia Townes of Akerman, Senterfitt, Orlando, FL on behalf of The Florida Bankers Association; Marc A. Ben-Ezra of Ben-Ezra and Katz, P.A., Fort Lauderdale, FL; Carolina A. Lombardi, Marcia K. Cypen, and John W. McLuskey, Legal Services of Greater Miami, Inc., Miami, FL, Kendall Coffey and Jeffrey B. Crockett of Coffey Burlington, LLP, Miami, FL, Randall C. Berg, Jr. and Joshua A. Glickman, Florida Justice Institute, Inc., Miami, FL, and Kent R. Spuhler, Florida Legal Services, Inc., Tallahassee, FL; B. Elaine New, Court Counsel, on behalf of J. Thomas McGrady, Chief Judge, Sixth Judicial Circuit, St. Petersburg, FL; Alice M. Vickers, Florida Legal Services, Inc., Tallahassee, FL, Lynn Drysdale, Jacksonville Area Legal Aid, Inc., Jacksonville, FL, Jeffrey Hearne, Legal Services of Greater Miami, Inc., Miami, FL, and James R. Carr, Florida Rural Legal Services, Inc., Lakeland, FL, on behalf of the Housing Umbrella Group and the Consumer Umbrella Group of Florida Legal Services, Inc.; Scott Manion, Tallahassee, FL, on behalf of Legal Services of North Florida, Inc.; Edward J. Grunewald, Tallahassee, FL, on behalf of The North Florida Center for Equal Justice, Inc.; Thomas H. Bateman, III of Messer, Caparello, and Self, P.A., Tallahassee, FL, and Janet E. Ferris, Tallahassee, FL; Ronald R. Wolfe, Tampa, FL, Suzanne Barto Hill of Rumberger, Kirk and Caldwell, Orlando, FL, and Roy A. Diaz of Smith, Hiatt and Diaz, P.A., Fort Lauderdale, FL, on behalf of Florida Default Law Group, P.L.; Judge William D. Palmer, Chair, Committee on ADR Rules and Policy, Fifth District Court of Appeal, Daytona Beach, FL, on behalf of the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy; Lisa Epstein, West Palm Beach, FL, and Terry Resk of Haile, Shaw and Pfaffenberger, P.A., North Palm Beach, FL, Responding with comments.
PER CURIAM.
In case number SC09-1460, the Task Force on Residential Mortgage Foreclosure Cases has proposed an amendment to Florida Rule of Civil Procedure 1.110 (General Rules of Pleading) and two new Forms for Use with Rules of Civil Procedure. In case number SC09-1579, the Civil Procedure Rules Committee has proposed amendments to form 1.996 (Final Judgment of Foreclosure) of the Forms for Use with Rules of Civil Procedure. We have consolidated these cases for the purposes of this opinion. We have jurisdiction. See art. V, § 2(a), Fla. Const.

Case No. SC09-1460
By administrative order on March 27, 2009, the Task Force on Residential Mortgage *556 Foreclosure Cases (Task Force) was "established to recommend to the Supreme Court policies, procedures, strategies, and methods for easing the backlog of pending residential mortgage foreclosure cases while protecting the rights of parties." In re Task Force on Residential Mortgage Foreclosure Cases, Fla. Admin. Order No. AOSC09-8, at 2 (March 27, 2009) (on file with Clerk of the Florida Supreme Court). The recommendations could "include mediation and other alternate dispute resolution strategies, case management techniques, and approaches to providing pro bono or low-cost legal assistance to homeowners." Id. The Task Force was also specifically asked to "examine existing court rules and propose new rules or rule changes that will facilitate early, equitable resolution of residential mortgage foreclosure cases." Id.
In response to this charge, the Task Force has filed a petition proposing amendments to the civil procedure rules and forms.[1] After submission to the Court, the proposals were published for comment on an expedited basis. Comments were received from Legal Services of Greater Miami, the Florida Justice Institute and Florida Legal Services, Inc.; the Housing and Consumer Umbrella Groups of Florida Legal Services; Legal Services of North Florida, Inc., and North Florida Center for Equal Justice, Inc.; the Florida Bankers Association; Florida Default Law Group; Ben-Ezra & Katz, P.A.; Thomas H. Bateman III and Janet E. Ferris; Henry P. Trawick, Jr.; and Lisa Epstein. Oral argument was heard in this matter on November 4, 2009. Upon consideration of the Task Force's petition, the comments filed and responses thereto, and the presentations of the parties at oral argument, we adopt the Task Force's proposals with minor modifications as discussed below.
First, rule 1.110(b) is amended to require verification of mortgage foreclosure complaints involving residential real property. The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded "lost note" counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.
Next, the Task Force proposed a new form Affidavit of Diligent Search and Inquiry. In its petition, the Task Force explained that many foreclosure cases are served by publication. The new form is meant to help standardize affidavits of diligent search and inquiry and provide information to the court regarding the methods *557 used to attempt to locate and serve the defendant. We adopt this form as new form 1.924, with several modifications.
The form, as proposed by the Task Force, provides spaces for the affiant to check off, from a list, the various actions taken to discover the current residence of the defendant and provides a "catch-all" section where the affiant can "List all additional efforts made to locate defendant." Additionally, it provides a section where the affiant can describe "Attempts to Serve Process and Results." One comment to this form, voiced by several interested parties, was that the form should be signed by the person actually performing the diligent search and inquiry, likely a process server, and not the plaintiff as the form, as originally proposed, provided. The Task Force agreed with this comment. Thus, we modify the form to incorporate this change.
Next, although the Task Force stated in its petition that a significant provision of the new form was the "additional criteria [sic] that if the process server serves an occupant in the property, he inquires of that occupant whether he knows the location of the borrower-defendant," the proposed form does not include this provision. The Honorable Thomas McGrady, Chief Judge of the Sixth Judicial Circuit, raised this point in his comment and suggested the following provision be added to the form: "I inquired of the occupant of the premises whether the occupant knows the location of the borrower-defendant, with the following results: ________." Again, the Task Force agreed with this suggestion, and we modify the form to incorporate it.
Finally, section 49.041, Florida Statutes (2009), sets forth the minimum requirements for an affidavit of diligent search and inquiry and states as follows:
The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
§ 49.041, Fla. Stat. (2009). The form as proposed by the Task Force contains the required information, except for a statement whether the person is over or under the age of eighteen or that the person's age is unknown. Thus, we modify the affidavit form to include this information.
Finally, we adopt the Task Force's proposed Motion to Cancel and Reschedule Foreclosure Sale as new form 1.996(b). The Task Force recommended adoption of this new form in which the plaintiff would provide the court with an explanation of why the foreclosure sale needs to be cancelled and request that the court reschedule *558 the sale. As the reason for this proposal, the Task Force stated in its petition:
Currently, many foreclosure sales set by the final judgment and handled by the clerks of court are the subject of vague last-minute motions to reset sales without giving any specific information as to why the sale is being reset. It is important to know why sales are being reset so as to determine when they can properly be reset, or whether the sales process is being abused.... Again, this is designed at promoting effective case management and keeping properties out of extended limbo between final judgment and sale.
We adopt this form with minor stylistic and grammatical modifications as suggested in the comments and agreed to by the Task Force.

Case No. SC09-1579
In this case, the Civil Procedure Rules Committee has filed an out-of-cycle report under Florida Rule of Judicial Administration 2.140(e), proposing amendments to Florida Rule of Civil Procedure Form 1.996 (Final Judgment of Foreclosure). The Committee proposes amendments to this form in order to bring it into conformity with current statutory provisions and requirements. The Committee's proposal also includes several changes suggested by The Florida Bar's Real Property, Probate, and Trust Law Section to improve the form's clarity and readability and better conform to prevailing practices in the courts.[2] Upon consideration, we adopt the proposed amendments to form 1.996, with one exception, as further explained below.
First, to conform to current statutory requirements, a notice to lienholders and directions to property owners as to how to claim a right to funds remaining after public auction is added to the form. See § 45.031(1), Fla. Stat. (2009). Additionally, to conform to current statutory provisions allowing the clerk of court to conduct judicial sales via electronic means, the form is amended to accommodate this option. See § 45.031(10), Fla. Stat. (2009).
Other amendments are as follows: (1) in order to provide greater clarity and prevent errors, paragraph one of the form is amended to set out amounts due in a column format; (2) paragraph two is amended to allow for the possibility that there may be more than one defendant, and out of concern for privacy interests, the lines for an address and social security number are deleted; (3) paragraph four is amended to conform to existing practice and require a successful purchaser to pay the documentary stamps on the certificate of title; (4) paragraph six is amended to accommodate the possibility that there may be multiple defendants, to adapt to the requirements of section 45.0315, Florida Statutes (2009), stating that the right of redemption expires upon the filing of the certificate of sale, unless otherwise specified in the judgment, to recognize the potential survival of certain liens after foreclosure *559 as provided in chapter 718 (the Condominium Act) and chapter 720 (Homeowners' Association), Florida Statutes (2009), and to allow a purchaser to obtain a writ of possession from the clerk of court without further order of the court.[3] As noted, these amendments were suggested to the committee by The Florida Bar's Real Property, Probate, and Trust Law Section to improve the form's clarity and readability and better conform to prevailing practices in the courts.
However, one of the changes suggested by the Real Property, Probate, and Trust Law Section and incorporated by the committee into its proposal was the addition of a new paragraph stating that a foreclosure sale shall not begin until a representative of the plaintiff is present and that the plaintiff has the right to cancel the sale upon notice to the clerk. Obviously, including such a provision, as standard, in the final judgment of foreclosure form would be at odds with our adoption of new form 1.996(b) (Motion to Cancel and Reschedule Foreclosure Sale). Accordingly, we decline to adopt this particular amendment. Also, in light of our adoption of the Motion to Cancel and Reschedule Foreclosure Sale as new form 1.996(b), we renumber the Final Judgment of Foreclosure Form as form 1.996(a).

Conclusion
Accordingly, the Florida Rules of Civil Procedure and the Forms for Use with Rules of Civil Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments to form 1.996(a) (Final Judgment of Foreclosure) were not published by the Court for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments, on those amendments only, with the Court.[4]
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.
CANADY, J., concurring in part and dissenting in part.
Because I am concerned that requiring prior judicial approval for the cancellation of foreclosure sales may produce untoward results, I dissent from the adoption of form 1.996(b). I would have instead adopted the proposal suggested by the Real Property, Probate, and Trust Law Section for the addition of a paragraph to the form final judgment of foreclosure stating that a foreclosure sale shall not begin until a representative of the plaintiff *560 is present and that the plaintiff has the right to cancel the sale upon notice to the clerk.
POLSTON, J., concurs.

APPENDIX

RULE 1.110. GENERAL RULES OF PLEADING
(a) [no change]
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to demand general relief.
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
"Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief."
(c)-(h) [no change]

Committee Notes

[no change]

FORM 1.924. AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
I, (full legal name) _____________ (individually or an Employee of ______________), being sworn, certify that the following information is true:
1. I have made diligent search and inquiry to discover the current residence of ______________, who is [over 18 years old] [under 18 years old] [age is unknown] (circle one). Refer to checklist below and identify all actions taken (any additional information included such as the date the action was taken and the person with whom you spoke is helpful) (attach additional sheet if necessary):
[check all that apply]
____ Inquiry of Social Security Information
____ Telephone listings in the last known locations of defendant's residence
____ Statewide directory assistance search
____ Internet people finder search {specify sites searched}
____ Voter Registration in the area where defendant was last known to reside.
____ Nationwide Masterfile Death Search
____ Tax Collector's records in area where defendant was last known to reside.
____ Tax Assessor's records in area where defendant was last known to reside
____ Department of Motor vehicle records in the state of defendant's last known address
____ Driver's License records search in the state of defendant's last known address.
____ Department of Corrections records in the state of defendant's last known address.
*561 ____ Federal Prison records search.
____ Regulatory agencies for professional or occupational licensing.
____ Inquiry to determine if defendant is in military service.
____ Last known employment of defendant.
{List all additional efforts made to locate defendant}
_________________________________________ _________________________________________ _________________________________________ _________________________________________
Attempts to Serve Process and Results
_________________________________________ _________________________________________ _________________________________________ _________________________________________
____ I inquired of the occupant of the premises whether the occupant knows the location of the borrower-defendant, with the following results:
_________________________________________ _________________________________________ _________________________________________
2. ___________ current residence
[check one only]
____ a. ____________'s current residence is unknown to me
____ b. ____________'s current residence is in some state or country other than Florida and ____________'s last known address is:
____________________________________________ ____________________________________________
____ c. The _________, having residence in Florida, has been absent from Florida for more than 60 days prior to the date of this affidavit, or conceals him (her) self so that process cannot be served personally upon him or her, and I believe there is no person in the state upon whom service of process would bind this absent or concealed _____.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________________
 ___________________________________
 Signature of Plaintiff
 Printed Name: _____________
 Address: _______________________
 City, State, Zip: _____________
 Phone: ______________
 Telefacsimile: __________________
STATE OF ______
COUNTY OF _____
____ Sworn to or affirmed and signed before me on this ____ day of ________, 20__ by _________.
 _____________________
 NOTARY PUBLIC, STATE OF
 =========
 _______________________
 (Print, Type or Stamp Commissioned
 Name of Notary Public)
 ____ Personally known
 ____ Produced identification
 ____ Type of identification produced:
 =========================
NOTE: This form is used to obtain constructive service on the defendant.
FORM 1.996(a). FINAL JUDGMENT OF FORECLOSURE

FINAL JUDGMENT
This action was tried before the court. On the evidence presented
*562 IT IS ADJUDGED that:
1. Plaintiff, .....(name and address)....., is due .................... as principal, $..... as interest to date of this judgment, $..... for title search expense, $..... for taxes, $..... for insurance premiums, $..... for attorneys' fees, with $..... for court costs now taxed, less $..... for undisbursed escrow funds and less $..... for unearned insurance premiums, under the note and mortgage sued on in this action, making a total sum of $....., that shall bear interest at the rate of ...% a year.

Principal $........
Interest to date of this judgment ........
Title search expense ........
Taxes ........
Attorneys' fees
Finding as to reasonable number of hours: ........
Finding as to reasonable hourly rate: ........
Attorneys' fees total ........
Court costs, now taxed ........
Other: .......... ........
Subtotal $........
LESS: Escrow balance ........
LESS: Other .......... ........
TOTAL $........

that shall bear interest at the rate of ... % a year.
2. Plaintiff holds a lien for the total sum superior to anyall claims or estates of defendant(s), .....(name and address, and social security number if known)....., on the following described property in.................... County, Florida:

(describe property)
3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on. . . . (date) . . . ., between 11:00 a.m. and 2:00 p.m. to the highest bidder for cash, except as prescribed in paragraph 4, at the ..... door of the courthouse inlocated at.....(street address of courthouse)..... in .................... County in ...............(name of city). . . . ., Florida, in accordance with section 45.031, Florida Statutes., using the following method (CHECK ONE):
[] At .... (location of sale at courthouse; e.g., north door). . . ., beginning at. . . . (time of sale). . . . on the prescribed date.
[] By electronic sale beginning at. . . . . (time of sale). . . . . on the prescribed date at . . . . . (website) . . . . . .
4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.
6. On filing the certificate of titlesale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the propertyand the purchaser at the sale, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title *563 shall be let into possession of the property. If any defendant remains in possession of the property, the clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the certificate of title.
7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, writs of possession and a deficiency judgment.
IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.
IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.
[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]
IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, (INSERT INFORMATION FOR APPLICABLE COURT) WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.
IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.
ORDERED at ...................., Florida, on . . . . . (date)......
 _______________
 Judge
NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide *564 for an adjudication of junior lienors' claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.

Committee Notes
1980 Amendment. The reference to writs of assistance in paragraph 7 is changed to writs of possession to comply with the consolidation of the 2 writs.
2010 Amendment. Mandatory statements of the mortgagee/property owner's rights are included as required by the 2006 amendment to section 45.031, Florida Statutes. Changes are also made based on 2008 amendments to section 45.031, Florida Statutes, permitting courts to order sale by electronic means.
Additional changes were made to bring the form into compliance with chapters 718 and 720 and section 45.0315, Florida Statutes, and to better align the form with existing practices of clerks and practitioners. The breakdown of the amounts due is now set out in column format to simplify calculations. The requirement that the form include the address and social security number of all defendants was eliminated to protect the privacy interests of those defendants and in recognition of the fact that this form of judgment does not create a personal final money judgment against the defendant borrower, but rather an in rem judgment against the property. The address and social security number of the defendant borrower should be included in any deficiency judgment later obtained against the defendant borrower.
FORM 1.996(b). MOTION TO CANCEL AND RESCHEDULE FORECLOSURE SALE
Plaintiff moves to cancel and reschedule the mortgage foreclosure sale because:
1. On this Court entered a Final Judgment of Foreclosure pursuant to which a foreclosure sale was scheduled for _________, 20__.
2. The sale needs to be canceled for the following reason(s):
a. _____ Plaintiff and Defendant are continuing to be involved in loss mitigation;
b. _____ Defendant is negotiating for the sale of the property that is the subject of this matter and Plaintiff wants to allow the Defendant an opportunity to sell the property and pay off the debt that is due and owing to Plaintiff.
c.____ Defendant has entered into a contract to sell the property that is the subject of this matter and Plaintiff wants to give the Defendant an opportunity to consummate the sale and pay off the debt that is due and owing to Plaintiff.
d.____ Defendant has filed a Chapter ____ Petition under the Federal Bankruptcy Code;
e.____ Plaintiff has ordered but has not received a statement of value/appraisal for the property;
f. _____ Plaintiff and Defendant have entered into a Forbearance Agreement;
g. _____ Other
____________________________________________ ____________________________________________ ____________________________________________
*565 3. If this Court cancels the foreclosure sale, Plaintiff moves that it be rescheduled.
I hereby certify that a copy of the foregoing Motion has been furnished by U.S. mail postage prepaid, facsimile or hand delivery to this ______ this ________ day ____ of, 20__.
NOTE. This form is used to move the court to cancel and reschedule a foreclosure sale.
NOTES
[1] The Task Force also submitted a companion report entitled "Final Report and Recommendations on Residential Mortgage Foreclosure Cases." The report urges the adoption of the proposed rule amendments and also contains administrative recommendations. The main recommendation in the report is theapproval of a Model Administrative Order for a managed mediation program for residential mortgage foreclosure actions for use by the chief judges. The report was addressed separately as an administrative matter. The task forces petition also recommended amendments to form 1.997 (Civil Coversheet). However, the civil coversheet was the subject of another case, case number SC08-1141, and the Task Force's proposals with regard to the civil coversheet were addressed in that case. See In re Amendments to Florida Rules of Civil ProcedureManagement of Cases Involving Complex Litigation, 30 So.3d 477 (Fla.2009).
[2] Prior to submitting this proposal to the Court, the committee published it for comment. One comment was received suggesting that, in addition to the other amendments proposed by the committee, provisions for specific findings as to the reasonable number of hours and the reasonable hourly rate for an award of attorneys' fees be added to paragraph one of the form. The committee initially took the position that the comment suggested a change unrelated to its proposed amendments and that the committee would consider it in its 2013 regular-cycle report. Subsequently, however, the committee filed an additional response in which it agreed with the comment and recommended that the suggested change be made in this case. We agree with the committee that this additional change is appropriate and, accordingly, we include it in the amendments adopted in this case.
[3] An explanatory committee note is also added.
[4] An original and nine paper copies of all comments must be filed with the Court on or before April 12, 2010, with a certificate of service verifying that a copy has been served on the Committee Chair, Mark A. Romance, 201 S. Biscayne Blvd., Suite 1000, Miami, FL XXXXX-XXXX, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 3, 2010, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).