PER CURIAM.
The third party defendant, The Franklin Life Insurance Company, enjoyed the entry of summary final judgment in its favor as concerns the claim made against it by the defendant in the main action, Biagio Mandala. Mandala appeals. The company was brought into the case under Third Party Practice, Florida Rules of Civil Procedure, Rule 1.180(a), 30 F.S.A. But it is manifest from the pleadings and the mentioned rule that the company was improperly before the court because the company was in nowise liable to the defendant, Mandala, for the claim made against Mandala by the plaintiffs in the main action. We gratuitously observe that the company could not be brought into court under Section (h), Additional Parties May be Brought In, found in Florida Rules of Civil Procedure, Rule 1.170, Counterclaims and Cross-Claims, because as reflected in the record, such joinder deprives the Court of Record in and for Broward County, Florida, of jurisdiction of the action.
We are aware that the point on appeal is primarily concerned with whether there were genuine issues of material fact which would prohibit entry of the summary final judgment. Although being of the opinion that such existed, we do not plumb them, but choose to address ourselves to the more fundamental question which, we believe, will aid in the ultimate disposition of this case in accordance with law. For instance, if we should merely reverse, upon conclusion of the case the company could successfully appeal the trial court’s action in denying its motion to dismiss because of its improper joinder under Florida Rules of Civil Procedure, Rule 1.180.
In light of the circumstances and our understanding of the law the summary *15 judgment here appealed is reversed and the cause remanded with directions to grant the motion to dismiss of the third party defendant, The Franklin Life Insurance Company. This is to be without prejudice to the right of the defendant, Biagio Mandala, to file such independent proceeding against the company as he may be advised.
Reversed and remanded with directions.
WALDEN and REED, JJ., and MORROW, RUSSELL O., Associate Judge, concur.