PER CURIAM.
In case number SC09-1460, the Task Force on Residential Mortgage Foreclosure Cases has proposed an amendment to Florida Rule of Civil Procedure 1.110 (General Rules of Pleading) and two new Forms for Use with Rules of Civil Procedure. In case number SC09-1579, the Civil Procedure Rules Committee has proposed amendments to form 1.996 (Final Judgment of Foreclosure) of the Forms for Use with Rules of Civil Procedure. We have consolidated these eases for the purposes of this opinion. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Case No. SC09-1460
By administrative order on March 27, 2009, the Task Force on Residential Mort-
*556 gage Foreclosure Cases (Task Force) was “established to recommend to the Supreme Court policies, procedures, strategies, and methods for easing the backlog of pending residential mortgage foreclosure cases while protecting the rights of parties.” In re Task Force on Residential Mortgage Foreclosure Cases, Fla. Admin. Order No. AOSC09-8, at 2 (March 27, 2009) (on file with Clerk of the Florida Supreme Court). The recommendations could “include mediation and other alternate dispute resolution strategies, case management techniques, and approaches to providing pro bono or low-cost legal assistance to homeowners.” Id. The Task Force was also specifically asked to “examine existing court rules and propose new rules or rule changes that will facilitate early, equitable resolution of residential mortgage foreclosure cases.” Id.
In response to this charge, the Task Force has filed a petition proposing amendments to the civil procedure rules and forms.[1] After submission to the Court, the proposals were published for comment on an expedited basis. Comments were received from Legal Services of Greater Miami, the Florida Justice Institute and Florida Legal Services, Inc.; the Housing and Consumer Umbrella Groups of Florida Legal Services; Legal Services of North Florida, Inc., and North Florida Center for Equal Justice, Inc.; the Florida Bankers Association; Florida Default Law Group; Ben-Ezra & Katz, P.A.; Thomas H. Bateman III and Janet E. Ferris; Henry P. Trawick, Jr.; and Lisa Epstein. Oral argument was heard in this matter on November 4, 2009. Upon consideration of the Task Force’s petition, the comments filed and responses thereto, and the presentations of the parties at oral argument, we adopt the Task Force’s proposals with minor modifications as discussed below.
First, rule 1.110(b) is amended to require verification of mortgage foreclosure complaints involving residential real property. The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded “lost note” counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.
Next, the Task Force proposed a new form Affidavit of Diligent Search and Inquiry. In its petition, the Task Force explained that many foreclosure cases are served by publication. The new form is meant to help standardize affidavits of diligent search and inquiry and provide information to the court regarding the methods *557 used to attempt to locate and serve the defendant. We adopt this form as new form 1.924, with several modifications.
The form, as proposed by the Task Force, provides spaces for the affiant to check off, from a list, the various actions taken to discover the current residence of the defendant and provides a “catch-all” section where the affiant can “List all additional efforts made to locate defendant.” Additionally, it provides a section where the affiant can describe “Attempts to Serve Process and Results.” One comment to this form, voiced by several interested parties, was that the form should be signed by the person actually performing the diligent search and inquiry, likely a process server, and not the plaintiff as the form, as originally proposed, provided. The Task Force agreed with this comment. Thus, we modify the form to incorporate this change.
Next, although the Task Force stated in its petition that a significant provision of the new form was the “additional criteria [sic] that if the process server serves an occupant in the property, he inquires of that occupant whether he knows the location of the borrower-defendant,” the proposed form does not include this provision. The Honorable Thomas McGrady, Chief Judge of the Sixth Judicial Circuit, raised this point in his comment and suggested the following provision be added to the form: “I inquired of the occupant of the premises whether the occupant knows the location of the borrower-defendant, with the following results:_” Again, the Task Force agreed with this suggestion, and we modify the form to incorporate it.
Finally, section 49.041, Florida Statutes (2009), sets forth the minimum requirements for an affidavit of diligent search and inquiry and states as follows:
The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person’s age is unknown; and
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
§ 49.041, Fla. Stat. (2009). The form as proposed by the Task Force contains the required information, except for a statement whether the person is over or under the age of eighteen or that the person’s age is unknown. Thus, we modify the affidavit form to include this information.
Finally, we adopt the Task Force’s proposed Motion to Cancel and Reschedule Foreclosure Sale as new form 1.996(b). The Task Force recommended adoption of this new form in which the plaintiff would provide the court with an explanation of why the foreclosure sale needs to be can-celled and request that the court resched *558 ule the sale. As the reason for this proposal, the Task Force stated in its petition:
Currently, many foreclosure sales set by the final judgment and handled by the clerks of court are the subject of vague last-minute motions to reset sales without giving any specific information as to why the sale is being reset. It is important to know why sales are being reset so as to determine when they can properly be reset, or whether the sales process is being abused.... Again, this is designed at promoting effective case management and keeping properties out of extended limbo between final judgment and sale.
We adopt this form with minor stylistic and grammatical modifications as suggested in the comments-and agreed to by the Task Force.
Case No. SC09-1579
In this case, the Civil Procedure Rules Committee has filed an out-of-cycle report under Florida Rule of Judicial Administration 2.140(e), proposing amendments to Florida Rule of Civil Procedure Form 1.996 (Final Judgment of Foreclosure). The Committee proposes amendments to this form in order to bring it into conformity with current statutory provisions and requirements. The Committee’s proposal also includes several changes suggested by The Florida Bar’s Real Property, Probate, and Trust Law Section to improve the form’s clarity and readability and better conform to prevailing practices in the courts.[2] Upon consideration, we adopt the proposed amendments to form 1.996, with one exception, as further explained below.
First, to conform to current statutory requirements, a notice to lienholders and directions to property owners as to how to claim a right to funds remaining after public auction is added to the form. See § 45.031(1), Fla. Stat. (2009). Additionally, to conform to current statutory provisions allowing the clerk of court to conduct judicial sales via electronic means, the form is amended to accommodate this option. See § 45.031(10), Fla. Stat. (2009).
Other amendments are as follows: (1) in order to provide greater clarity and prevent errors, paragraph one of the form is amended to set out amounts due in a column format; (2) paragraph two is amended to allow for the possibility that there may be more than one defendant, and out of concern for privacy interests, the lines for an address and social security number are deleted; (3) paragraph four is amended to conform to existing practice and require a successful purchaser to pay the documentary stamps on the certificate of title; (4) paragraph six is amended to accommodate the possibility that there may be multiple defendants, to adapt to the requirements of section 45.0315, Florida Statutes (2009), stating that the right of redemption expires upon the filing of the certificate of sale, unless otherwise specified in the judgment, to recognize the potential survival of certain liens after fore *559 closure as provided in chapter 718 (the Condominium Act) and chapter 720 (Homeowners’ Association), Florida Statutes (2009), and to allow a purchaser to obtain a writ of possession from the clerk of court without further order of the court.[3] As noted, these amendments were suggested to the committee by The Florida Bar’s Real Property, Probate, and Trust Law Section to improve the form’s clarity and readability and better conform to prevailing practices in the courts.
However, one of the changes suggested by the Real Property, Probate, and Trust Law Section and incorporated by the committee into its proposal was the addition of a new paragraph stating that a foreclosure sale shall not begin until a representative of the plaintiff is present and that the plaintiff has the right to cancel the sale upon notice to the clerk. Obviously, including such a provision, as standard, in the final judgment of foreclosure form would be at odds with our adoption of new form 1.996(b) (Motion to Cancel and Reschedule Foreclosure Sale). Accordingly, we decline to adopt this particular amendment. Also, in light of our adoption of the Motion to Cancel and Reschedule Foreclosure Sale as new form 1.996(b), we renumber the Final Judgment of Foreclosure Form as form 1.996(a).
Conclusion
Accordingly, the Florida Rules of Civil Procedure and the Forms for Use with Rules of Civil Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments to form 1.996(a) (Final Judgment of Foreclosure) were not published by the Court for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments, on those amendments only, with the Court.[4]
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.

. The Task Force also submitted a companion report entitled "Final Report and Recommendations on Residential Mortgage Foreclosure Cases.” The report urges the adoption of the proposed rule amendments and also contains administrative recommendations. The main recommendation in the report is the — approval of a Model Administrative Order for a managed mediation program for residential mortgage foreclosure actions for use by the chief judges. The report was addressed separately as an administrative matter. The task forces petition also recommended amendments to form 1.997 (Civil Coversheet). However, the civil coversheet was the subject of another case, case number SC08-1141, and the Task Force's proposals with regard to the civil coversheet were addressed in that case. See In re Amendments to Florida Rules of Civil Procedure—Management of Cases Involving Complex Litigation, 30 So.3d 477 (Fla.2009).

. Prior to submitting this proposal to the Court, the committee published it for comment. One comment was received suggesting that, in addition to the other amendments proposed by the committee, provisions for specific findings as to the reasonable number of hours and the reasonable hourly rate for an award of attorneys' fees be added to paragraph one of the form. The committee initially took the position that the comment suggested a change unrelated to its proposed amendments and that the committee would consider it in its 2013 regular-cycle report. Subsequently, however, the committee filed an additional response in which it agreed with the comment and recommended that the suggested change be made in this case. We agree with the committee that this additional change is appropriate and, accordingly, we include it in the amendments adopted in this case.

. An explanatory committee note is also added.

. An original and nine paper copies of all comments must be filed with the Court on or before April 12, 2010, with a certificate of service verifying that a copy has been served on the Committee Chair, Mark A. Romance, 201 S. Biscayne Blvd., Suite 1000, Miami, FL 33131-4327, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 3, 2010, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).