ROTHENBERG, J.
The appellant, Jade Winds Association, Inc. (“Jade Winds”),[1] a condominium association, appeals from a non-final order issued by the Presiding Judge of the Foreclosure Master Calendar Court Unit (“Foreclosure Master Calendar”),[2] granting Citibank, N.A.’s (“Citibank”) motion to cancel a foreclosure sale.[3] We reverse and remand with directions.
*821 In October 2008, Citibank filed an action to foreclose its first mortgage on a condominium unit owned by Ramon Escobar, naming Escobar and Jade Winds as defendants. Shortly thereafter, Jade Winds filed a cross-claim against Escobar, seeking past due association fees, costs, and attorney’s fees. In April 2009, a default final judgment was entered in favor of Jade Winds, and in August 2009, Jade Winds took title to the property via a Certificate of Title.
In an attempt to move the case forward, on February 23, 2010, Jade Winds filed a Waiver of Public Sale and Motion for Entry of Summary Judgment in Favor of Plaintiff Citibank. On August 19, 2010, a final judgment of foreclosure was entered in favor of Citibank, setting the foreclosure sale for October 8, 2010.
On the morning of the scheduled foreclosure sale, Citibank appeared before the presiding judge of the Foreclosure Master Calendar with an Emergency Motion to Cancel and Reschedule Foreclosure Sale (“Motion to Cancel”), asserting: “Plaintiff has instructed its counsel to cancel this sale in order to determine whether the Defendant qualifies for a loan modification.” (Emphasis added). Obviously, this assertion by Citibank’s counsel was misleading as Jade Winds, not Escobar, held title to the property as of August 2009, and therefore, Citibank would not be attempting to determine if Escobar would qualify for a loan modification. Unfortunately, the irregularities did not end there. The certificate of service in the Motion to Cancel indicates that the motion was mailed to several parties on October 1, 2010, but inexplicably was not mailed to Jade Winds’ counsel of record, who had actively participated in this litigation. As Citibank failed to serve Jade Winds’ counsel and made no attempt to contact counsel to inform him of the Motion to Cancel, it was heard on an ex parte basis. The presiding judge of the Foreclosure Master Calendar entered an order canceling the foreclosure sale and resetting it for January 4, 2011 (“Order Canceling Sale”).
Jade Winds then filed a Motion for Sanctions against Citibank based on Citibank’s handling of the Motion to Cancel. On December 9, 2010, the Motion for Sanctions was heard before Division Judge Lester Langer, a circuit court judge in the division in which the foreclosure action was assigned. On that same day, Judge Lan-ger entered an order imposing monetary sanctions against Citibank, finding that Citibank’s “conduct was in direct violation of [Jade Winds’] due process rights”; the Order Canceling Sale was “void for lack of notice”; and the Motion to Cancel con *822 tained “substantive misrepresentations or omissions which prevented the Court from making a proper determination on the merits.” More importantly, the order provides: “The Court further orders that the sale scheduled for January 4, 2011, SHALL NOT be cancelled.”
Less than one month after Judge Lan-ger issued the order imposing sanctions, on December 30, 2010, Citibank prepared a Motion to Cancel the January 4, 2011, foreclosure sale (“Second Motion to Cancel”), requesting that the foreclosure sale be postponed until after February 1, 2011, to enable it to complete its review of “foreclosure documentation.” The Second Motion to Cancel, however, omitted the facts that the foreclosure sale had been previously reset, and that Judge Langer, just a few weeks earlier, had entered an order stating that the foreclosure “sale scheduled for January 4, 2011, SHALL NOT be cancelled.” Further, as with its previous Motion to Cancel, Citibank failed to mail a copy of the Second Motion to Cancel to Jade Winds’ counsel or make any other attempt to notify counsel.
On January 4, 2011, Citibank appeared before Senior Judge Philip Cook, who was the presiding judge at the Foreclosure Master Calendar. On an ex parte basis, Senior Judge Cook considered the Second Motion to Cancel, and he entered an order granting Citibank’s motion to cancel the foreclosure sale due to “affidavit review,” but failed to reset the foreclosure sale for a date after February 1, 2011, as requested by Citibank (“Second Order Canceling Sale”).[4] This non-final appeal follows.
In challenging the Second Order Canceling Sale, Jade Winds contends that its procedural due process rights were violated because Citibank failed to serve Jade Winds’ counsel with the Second Motion to Cancel and failed to notify Jade Winds’ counsel of the hearing. We agree.
A basic element of procedural due process is notice and an opportunity to be heard. Shlishey the Best, Inc. v. CitiFinancial Equity Servs., Inc., 14 So.Sd 1271, 1273 (Fla. 2d DCA 2009); see also Williams v. Primerano, 973 So.2d 645, 647 (Fla. 4th DCA 2008) (“A fundamental requirement of due process is ‘notice reasonably calculated, under all the circumstances, to apprise interested parties ... and afford them an opportunity to present their objections.’”) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Further, Florida Rule of Civil Procedure 1.080(a) provides: “Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. ...” (emphasis added). Further, rule 1.080(b) explains that when a party is represented by an attorney, “service shall be made upon the attorney unless service upon the party is ordered by the court.”[5]
In the instant case, without rehashing the facts set forth in this opinion, it is clear that Citibank failed to properly serve *823 Jade Winds’ counsel with the Second Motion to Cancel and failed to notify counsel of the hearing. We recognize that the Second Motion to Cancel was filed on an “emergency” basis, but note that Citibank apparently made no attempt to notify Jade Winds’ counsel of the motion by either delivery, facsimile, email, or phone call, although Jade Winds’ counsel actively participated in this litigation. Further, based on Judge Langer’s previous order imposing sanctions against Citibank, Citibank knew that its actions were inappropriate. As Judge Langer simply found, Citibank’s “conduct was in direct violation of [Jade Winds’] due process rights” and the Order Canceling Sale was “void for lack of notice.” Accordingly, we reverse the order under review and remand with directions to set the foreclosure sale.
Although we do not need to address the sufficiency of the Second Motion to Cancel, we refer Citibank’s counsel to Administrative Memorandum 10-E, which provides that a Motion to Cancel or Reset Sale “must” “[i]nclude a statement of the history of the case: date of final judgment, prior sales dates given, movant and date of prior motions to cancel and reason given for cancellation, dates of prior orders to cancel sale, reason for any incomplete sale, etc.” (emphasis added). A review of Citibank’s Second Motion to Cancel indicates that it did not include the date of the final judgment, the initial foreclosure sale date set forth in the final judgment of foreclosure, or that there had been a prior motion to cancel. Although the administrative order does not specifically state that the plaintiff is required to set forth that sanctions were previously entered based on its handling of a previously filed motion to cancel foreclosure sale, we believe that this would fall under the “etc.” portion of the “history of the case.”
Finally, we note that on February 11, 2010, the Florida Supreme Court adopted Form 1.996(b), Forms for Use with Rules of Civil Procedure, titled “Motion to Cancel and Reschedule Foreclosure Sale.” This form was proposed by the Task Force on Residential Mortgage Foreclosure Cases (“Task Force”). In re Amendments to the Florida Rules of Civil Procedure, 44 So.3d 555, 557-58 (Fla.2010). In proposing Form 1.996(b), the Task Force explained:
Currently, many foreclosure sales set by the final judgment and handled by the clerks of court are the subject of vague last-minute motions to reset sales without giving any specific information as to why the sale is being reset. It is important to know why sales are being reset so as to determine when they can properly be reset, or whether the sales process is being abused.... Again, this is designed at promoting effective case management and keeping properties out of extended limbo between final judgment and sale.
Id. at 558 (emphasis added). Based on Citibank’s actions, this condominium unit has basically been in “extended limbo” since April 2009, which is when the final judgment of foreclosure was entered in favor of Citibank. It is time for this condominium unit to be sold.
Accordingly, we reverse the order under review and remand with directions to set the foreclosure sale. Upon remand, the Division Circuit Court judge and/or the Foreclosure Master Calendar judge are free to impose appropriate sanctions against Citibank and/or its counsel based on the aforementioned conduct.
Reversed and remanded with directions.

. Jade Winds is a not-for-profit condominium association. According to Jade Winds, the subject unit is just one of more than 100 delinquent units in the association.

. The "Foreclosure Master Calendar Court Unit” was established on April 20, 2010, through Administrative Memorandum CIV 10-A, which applies to residential foreclosure cases. Pursuant to the Administrative Memorandum, judges in the General Jurisdiction Division ("Division Judges”) will no longer hear certain motions, including emergency motions to cancel sale set within forty-eight hours. Instead, these motions will be heard by the presiding judge of the Foreclosure Master Calendar. Thereafter, Administrative Memorandum CIV 10-B, which took effect on July 26, 2010, expanded the role of the Foreclosure Master Calendar. The presiding judge, not the Division Judge, will hear all motions to cancel foreclosure sale (emergency and regular), in all foreclosure actions. Further, the Administrative Memorandum provides:
3.Parties must malee every attempt to notice the opposing parties on emergency motions, including borrowers and condominium and homeowner's associations. ...
6. The Eleventh Judicial Circuit encourages the use of factual detail, precise language, and supporting documentation in the Motions to Cancel Sale presented to its judges. Prior cancellations, including dates and reasons given in the prior motions for cancellation, should also be included in the current motion.
(Emphasis added). Further, Administrative Memorandum CIV 10-E, with an effective date of December 20, 2010, provides that motions to cancel or reset sale must:
1. Include a statement of the history of the case: date of final judgment, prior sales dates given, movant and date of prior motions to cancel and reason given for cancellation, dates of prior orders to cancel sale, reason for any incomplete sales, etc.
3. There will be no reset dates given at time of cancellation on affidavit moratorium or loss mitigation cancellations.
(Emphasis added).

. Jade Winds filed a "Petition for Writ of Certiorari and/or Petition for Writ of Mandamus. However, we conclude that our jurisdiction to review this non-final order is pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). See LRSA-JV v. Little House, LLC, 50 So.3d 691, 693 n. 2 (Fla. 5th DCA 2010) (finding that, pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), appellate court has jurisdiction to review non-final, post-judgment order setting foreclosure sale); Commonwealth Mortg. Corp. of Am., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989) (reversing post-judgment order postponing foreclosure sale finding an abuse of discretion, and remanding with instructions to schedule judicial sale); see also Drago v. Drago, 895 So.2d 529, 529 (Fla. 4th DCA 2005) (re-designating a petition for writ of certiorari concerning an order modifying visitation rights as reviewable as a non-final order under rule 9.130(a)(3)(C)(iii)). We also recognize that in Republic Federal Bank, N.A. v. Doyle, 19 So.3d 1053, 1055 (Fla. 3d DCA 2009), this Court denied, not dismissed, a petition for writ of certiorari seeking to quash an order continuing a foreclosure sale. In denying the petition for writ of certiorari, this Court stated:
*821 Although we thus thoroughly disapprove of the order, in view of the fact that the postponed sale is due to take place within a short time of this decision, no useful purpose will be served by formally quashing the order or ordering the sale to take place on an earlier date with all the procedural complications which would then result. For that reason alone, relief will be denied. We do emphasize that there are to be no further postponements of the sale.
(Emphasis added). Therefore, this Court implicitly determined that it had jurisdiction to review the petition for writ of certiorari. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648-49 (Fla. 2d DCA 1995) (discussing distinction between dismissing a petition for writ of certiorari for lack of jurisdiction and denying a petition for writ of certiorari on the merits; explaining that to receive certiorari jurisdiction over a non-final, non-appealable order, petitioner must demonstrate that the order, if not quashed, would result in material injury for the remainder of the trial that cannot be remedied on postjudgment appeal; explaining that “it is still necessary for an appellate court to conduct a jurisdictional analysis prior to testing whether the nonfinal order passes the standard of review on its merits, i.e., whether the order is a 'departure from the essential requirements of law’ ").

. Failure to reset the foreclosure sale was most likely consistent with Administrative Memorandum CIV 10-E, which provides that a reset date will not be "given at time of cancellation on affidavit moratorium ... cancellations.”

. The Eleventh Judicial Circuit published a brochure setting forth procedures before the Foreclosure Master Calendar. The brochure provides that motions to cancel sale "must be filed with the Clerk of Courts and opposing counsel notified prior to appearing in court." (emphasis added). http://www.rpptl.org/ Content /PDFs/Circuit_l l_Foreclosure_Mas-ter_Calendar_Information.pdf (last visited Apr. 7, 2011).