*265
 
 PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to Florida Rule of Civil Procedure 1.720 (Mediation Procedures). We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Committee on Alternative Dispute Resolution Rules and Policy (Committee) has filed a petition to amend rule 1.720. The amendments proposed by the Committee revise the requirements in rule 1.720 pertaining to the appearance of a party or a party’s representative at a mediation conference. The proposals are in response to the Committee’s charge to monitor court rules governing alternative dispute resolution procedures and to make recommendations as necessary to improve the use of mediation.
 
 See In re Committee on Alternative Dispute Resolution Rules and Policy,
 
 Fla. Admin. Order No. AOSC03-32 (July 8, 2003).
 

 The Committee’s proposals were approved by The Florida Bar’s Civil Procedure Rules Committee. The Court published the proposed amendments for comment. Two comments were filed and the Committee filed a response.
 

 Having considered the Committee’s petition, the comments filed, and the Committee’s response, we adopt the amendments to rule 1.720 as proposed by the Committee, with a minor modification to new subdivision (e) (Certification of Authority). We modify new subdivision (e) to provide that the written notice be served on all parties participating in a mediation conference.
 

 Accordingly, Florida Rule of Civil Procedure 1.720 is hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The Committee notes are offered for explanation only and are not adopted as an official part of the rule. The amendments shall become effective January 1, 2012, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 1.720. MEDIATION PROCEDURES
 

 (a) Interim or Emergency Relief. [NO CHANGE]
 

 (b) Sanctions for Failure to Appear, Appearance at Mediation. If a party fails to-appear at a duly-noticed mediation conference without good-cause, the court upon ■motion shall -impose sanctions,-including-an award of mediator- and attorneys’ fees-and other — costs,-against-the' party failing to appear. If a-par-ty-to mediation-is a public entity-required-to-conduct its business pursuant to chapter 286, Florida Statutesrthat party-shall be deemed-to-appear at a mediation conference- by the physical presence of a representative-with full authority to ■negotiate on-behalf-of the entity and to recommend settlement to the appropriate decision-making body-of- the entity. — Qth-erwise,-unless Unless otherwise permitted by court order or stipulated by the parties or-changed by order-of-the court in writing, a party is deemed to appear at a mediation conference if the following persons are physically present:
 

 (1) The party or ifea party representative having full authority to settle without further consultation; and
 

 (2) The party’s counsel of record, if any; and
 

 (3) A representative of the insurance carrier for any insured party who is not such carrier’s outside counsel and who has full authority to settle in an amount
 
 *266
 
 up to the amount of the plaintiffs last demand or policy limits, whichever is less, without further consultation.
 

 (c) Party Representative Having Full Authority to Settle. A “party representative having full authority to settle” shall mean the final decision maker with respect to all issues presented by the case who has the legal capacity to execute a binding settlement agreement on behalf of the party. Nothing herein shall be deemed to require any party or party representative who appears at a mediation conference in compliance with this rule to enter into a settlement agreement.
 

 (d) Appearance by Public Entity. If a party to mediation is a public entity required to operate in compliance with chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity.
 

 (e) Certification of Authority. Unless otherwise stipulated by the parties, each party, 10 days prior to appearing at a mediation conference, shall file with the court and serve all parties a written notice identifying the person or persons who will be attending the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by subdivision (b).
 

 (f) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause, the court, upon motion, shall impose sanctions, including award of mediation fees, attorneys’ fees, and costs, against the party failing to appear. The failure to file a confirmation of authority required under subdivision (e) above, or failure of the persons actually identified in the confirmation to appear at the mediation conference, shall create a rebuttable presumption of a failure to appear.
 

 (c)(g) Adjournments. [NO CHANGE]
 

 4d)(h) Counsel. [NO CHANGE]
 

 (eXi) Communication with Parties or Counsel. The mediator may meet and consult privately with any party or parties or their counsel.
 

 #(j) Appointment of the Mediator. [NO CHANGE]
 

 4g)(k) Compensation of the Mediator. [NO CHANGE]
 

 Committee Notes
 

 2011 Amendment. Mediated settlement conferences pursuant to this rule are meant to be conducted when the participants actually engaged in the settlement negotiations have full authority to settle the case without further consultation. New language in subdivision (c) now defines “a party representative with full authority to settle” in two parts. First, the party representative must be the final decision maker with respect to all issues presented by the case in question. Second, the party representative must have the legal capacity to execute a binding agreement on behalf of the settling party. These are objective standards. Whether or not these standards have been met can be determined without reference to any confidential mediation communications. A decision by a party representative not to settle does not, in and of itself, signify the absence of full authority to settle. A party may delegate full authority to settle to more than one person, each of whom can serve as the final decision maker. A party may also designate multiple persons to serve together as the final decision maker, all of whom must appear at mediation.
 

 
 *267
 
 New subdivision (e) provides a process for parties to identify party representative and representatives of insurance carriers who will be attending the mediation conference on behalf of parties and insurance carriers and to confirm their respective settlement authority by means of a direct representation to the court. If necessary, any verification of this representation would be upon motion by a party or inquiry by the court without involvement of the mediator and would not require disclosure of confidential mediation communications. Nothing in this rule shall be deemed to impose any duty or obligation on the mediator selected by the parties or appointed by the court to ensure compliance.
 

 The concept of self determination in mediation also contemplates the parties’ free choice in structuring and organizing their mediation sessions, including those who are to participate. Accordingly, elements of this rule are subject to revision or qualification with the mutual consent of the parties.