ALTENBERND, Judge.
The plaintiff, JP Morgan Chase Bank, National Association (JP Morgan), appeals a final order sua sponte dismissing JP Morgan’s foreclosure action against the defendants, Ralph and Connie Jurney (the Jurneys). The order of dismissal prohibits JP Morgan from amending its complaint in this action, but permits JP Morgan to refile a new foreclosure action. The trial court entered this dismissal as a “sanction” because it concluded that JP Morgan failed to comply with an amendment to Florida *1183 Rule of Civil Procedure 1.110(b) that requires mortgage foreclosure complaints to be verified. It did not give JP Morgan notice of its intention to sanction the bank or any opportunity to explain why a sanction should not be imposed. We reverse.
Although the trial court appears to have been correct that the new amendment applied to this complaint, JP Morgan had a reasonable explanation as to why it believed the amendment did not apply, which the trial court never allowed the bank to present. This case does not involve a willful violation of the rules of procedure and, at worst, involves a misunderstanding of the effect of a motion for rehearing in an appellate proceeding. The trial court abused its discretion by sanctioning JP Morgan for an error of law that was no more than an honest mistake.
On February 11, 2010, the Florida Supreme Court issued an opinion amending Florida Rule of Civil Procedure 1.110(b) to require foreclosure complaints to be verified. See In re Amendments to the Fla. R. Civ. R, 44 So.3d 555 (Fla.2010)[1]; Although rule changes are usually issued in opinions that provide ample notice of the precise date and even the exact minute when the amendment will become effective,[2] the court’s opinion declared that “[t]he amendments shall become effective immediately upon the release of this opinion.” [3] It also contained the standard caveat that the opinion would not be final “until time expires to file rehearing motion, and if filed, determined.”
On February 26, 2010, one of the law firms representing JP Morgan on appeal in this case filed a timely motion for rehearing in the supreme court’s rule proceeding.[4] The supreme court denied the motion, but issued a revised opinion on June 3, 2010.[5] In re Amendments to the *1184 Fla. R. Civ. P., 44 So.3d 555. The revised opinion also stated that the amendments were effective immediately upon “release” of the opinion.
We note that in issuing this revised opinion, the supreme court used a procedure that can confuse even experienced appellate attorneys. Even though the opinion issued in June differs from the opinion originally issued in February, it continues to bear the date of the original opinion, indicating only that it was “revised on rehearing.” In this case, the revised opinion does not alter the amendment to the rule. But this opinion would seem to have been “released” twice on different dates while bearing only the initial date of issuance.
On March 24, 2010, while the motion for rehearing was pending in In re Amendments to the Florida Rules of Civil Procedure, JP Morgan filed a partially verified complaint seeking to foreclose the Jurneys’ mortgage. On May 18, 2010, the trial court sua sponte dismissed the complaint on the ground that the complaint had not been verified in compliance with Florida Rule of Civil Procedure 1.110(b) as amended by the supreme court on February 11, 2010. From our record it is unclear whether the trial court realized that the supreme court’s decision was pending on rehearing at the time that it sanctioned JP Morgan.
Ordinarily; the filing of a timely and authorized motion for rehearing stays the “rendition” of an order. See Fla. R.App.P. 9.020(i). However, in this case, the February 11, 2010, amendment order stated that the amendments were effective immediately “upon release of this opinion.” The term “release” is not defined in the Florida Rules of Appellate Procedure.
It is the understanding of this court that, in this context, the supreme court intends rules to become effective on the issuance of the original opinion and to remain effective during any period in which a motion for rehearing can be filed or is pending. We are not aware of any case that actually so holds.
In this case, the attorney representing JP Morgan had a reasonable belief that the amendments were not applicable until the supreme court released its final opinion. JP Morgan may have misunderstood the effective date of the amendments in this context, but that misunderstanding was itself understandable. Given that there is nothing in this record to suggest that JP Morgan intentionally or even carelessly failed to follow the new procedure, and given that the trial court sanctioned JP Morgan without any notice or opportunity to be heard, we reverse this order and remand with instructions that JP Morgan be granted leave to amend the complaint.
Reversed and remanded.
SILBERMAN, C.J., and WALLACE, J., Concur.

. The original opinion can be accessed on the Florida Supreme Court's Web site. Florida Supreme Court, Court Opinions, 2010, http:// www.floridasupremecourt.org/decisions/2010/ sc09-1460.pdf (accessed Mar. 30, 2012).

. See, e.g., In re Amendments to R. Regulating Fla. Bar-10-9.1, 82 So.3d 66, (Fla.2012) (opinion issued on January 26, 2012, with amendments effective April 1, 2012, at 12:01 a.m.); In re Amendments to Fla. R. Civ. P. 1.720, 75 So.3d 264 (Fla.2011) (opinion issued November 3, 2011, with amendments effective January 1, 2012, at 12:01 a.m.); In re Amendments to Fla. R.App. P., 75 So.3d 239 (Fla.2011) (opinion issued November 3, 2011, with amendments effective on January 1, 2012, at 12:01 a.m.).

. This language seems to have become more common recently and is used when there is an apparent need to avoid delay. See, e.g., In re Amendments to Fla. Supreme Court Approved Family Law Forms, 84 So.3d 274 (Fla.2012) (opinion issued on March 15, 2012, with amendments effective immediately upon release); In re Amendments to Fla. R.Crim. P. 3.992(A), 73 So.3d 202 (Fla.2011) (opinion issued September 28, 2011, with amendments effective immediately upon release). Our research on Florida opinions issued with the word "amendment” in the title and the phrase “immediately upon release” in the body indicates thirty such opinions, all since 2006. The supreme court issued an opinion in March 2012 making the amendments effective "nunc pro tunc” to January 1, 2012, at 12:01 a.m. In re Amendments to Fla. Family Law Rules P„ SCI 1-40, 2011 WL 5219466 (Fla. Mar.15, 2012) (revised opinion issued after withdrawal of original opinion, issued Nov. 3, 2011 (see Florida Supreme Court, Court Opinions, 2012, http://www.florida supremecou rt.org/decisions/2012/scl 1-40_ReahearingOrder.pdf (accessed Mar. 30, 2012))).

. The motion is listed on the supreme court’s online docket for case number SC09-1579. It was filed by Gerald Frederick Richman. Florida Supreme Court, Public Info, On-line Docket, http://jweb.flcourts.org/pls/docket/ds_ docket_search% 20 (enter case number SC09-1579) (accessed Mar. 30, 2012).

. The revised opinion is available on the Florida Supreme Court’s Web site. Florida Supreme Court, Court Opinions, 2010, http:// www.floridasupremecourt.org/decisions/2010/ sc09-1460.pdf (accessed Mar. 30, 2012).