PER CURIAM.
Daniel Becker (“the homeowner”) appeals a summary judgment granting a mortgage foreclosure brought by the lender. He argues the trial court erred in entering summary judgment because the complaint was improperly verified and genuine issues of material fact precluded the entry of summary judgment. We find no error and affirm.
After the lender filed a complaint to foreclose the mortgage, the homeowner failed to respond, and a default was entered against him. He then retained counsel, who filed a combined motion to vacate the default, motion to dismiss the complaint, and written opposition to the motion for summary judgment the day before the summary judgment hearing.
The homeowner argued error in the entry of a summary judgment because the lender did not properly verify its complaint. More specifically, he argued that because the verification was attached to the complaint as a separate document rather than incorporated within it, the complaint failed to state a cause of action. Alternatively, he argued genuine issues of material fact precluded summary judgment.[1] The homeowner refers to conflicting trial court decisions throughout this district and others that have either accepted or rejected complaints when the verification was not incorporated within the complaint.
We find no requirement in Florida Rule of Civil Procedure 1.110(b) that the verification be contained within the complaint. The rule provides in part:
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
Fla. R. Civ. P. 1.110(b).
Nothing in the rule prohibits the verification from starting on a separate page. All that the rule requires is that the document include “an oath, affirmation, or the following” identified language. We will not read more into the rule than its plain language dictates. See, e.g., Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369 (Fla. 2d DCA 2012) (holding trial court erred in relying on section 92.525(2), Fla. Stat. (2010), requiring verification that the facts are “true” instead of rule 1.110(b), which was recently promulgated for foreclosure actions). The contention that a separate verification document violates rule 1.110(b) places form over substance. That we will not do.
For the reasons stated, we affirm the summary judgment.

Affirmed.

MAY, C.J., DAMOORGIAN and CONNER, JJ., concur.

. The homeowner has not provided us with an order denying his motion to vacate the default and dismiss the complaint, a transcript of that hearing, or a transcript of the summary judgment hearing. We are confined to the record provided. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Without a sufficient record, there is nothing for us to review. Fleming v. Peoples First Fin. Sav. & Loan Ass'n, 667 So.2d 273, 274 (Fla. 1st DCA 1995).