CRENSHAW, Judge.
BAC Homes Loan Servicing, L.P. (BAC), appeals a trial court order dismissing with prejudice its residential foreclosure complaint against homeowners Bill R. Stentz and Jaeklyn L. Stentz. The trial court determined that BAC did not properly verify its complaint in accordance with section 92.525, Florida Statutes (2010). We conclude that the trial court erred by requiring BAC to provide verification that was not required under the plain language of the recently amended Florida Rule of Civil Procedure 1.110(b),[1] and therefore we reverse.
The trial court dismissed BAC’s original complaint due to what it believed was BAC’s failure to sufficiently allege standing and its failure to verify the complaint. BAC filed an amended complaint and attached a verification attested to by a BAC employee stating that the facts alleged in the complaint “are true and correct to the best of my knowledge and belief.” However, the trial court dismissed BAC’s complaint with prejudice[2] upon finding that BAC’s usage of the terms “to the best of my knowledge and belief’ did not sufficiently verify the complaint pursuant to section 92.525. The trial court also noted that the verification was improper because it was attached to the amended complaint instead of being incorporated within it.
This court recently determined in Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 372 (Fla. 2d DCA 2012), that “because rule 1.110(b) specifically provides for a verification based on knowledge and belief, the generally applicable declaration in section 92.525(2) that the facts ‘are true,’ without limitation, does not control.” Thus, rule 1.110(b) applies, and like in Trucap, we conclude that BAC properly used the verification language contained in the rule. Id. at 373. Further, there is no requirement in rule 1.110(b) that the verification be contained within the complaint, and “[njothing in the rule prohibits the verification from starting on a separate page.” Becker v. Deutsche Bank Nat’l Trust Co., 88 So.3d 361, 362 (Fla. 4th DCA 2012). Like the Fourth District, “[w]e will not read more into [rule 1.110(b) ] than its plain language dictates.” Id.
Accordingly, we adopt the reasoning in Trucap and Becker and hold that the trial *237 court erred by dismissing BAC’s amended complaint with prejudice. On remand, the trial court is directed to reinstate BAC’s amended complaint against the Stentzes.
Reversed and remanded for further proceedings.
NORTHCUTT and MORRIS, JJ., Concur.

. See In re Amendments to the Fla. Rules of Civil Procedure, 44 So.3d 555, 556, 559 (Fla.2010) (amending rule 1.110(b) by adding a verification requirement for residential mortgage foreclosure complaints).

. BAC had requested that the trial court dismiss its complaint with prejudice so this court could consider the issue of verification on appeal. The trial court’s dismissal order specifically notes that the complaint was dismissed solely for that purpose.