PALMER, J.
U.S. Bank, N.A. (Bank) appeals the trial court’s order dismissing its mortgage foreclosure complaint, without leave to amend, for inadequate verification of the complaint. Determining that the verification provided by the Bank was legally sufficient, we reverse.
The trial court dismissed the Bank’s complaint because the signed verification accompanying it did not state the signer’s position. The court relied on a decision of another circuit, Aurora Loan Services v. Fleetwood, 18 Fla. L. Weekly Supp. 390 (Fla. 19th Cir. Ct. Jan. 26, 2011), to support its ruling. There, the court wrote:
The complaint needs to be verified by an employee or officer of the plaintiff, by an employee or officer of its loan servicer, or by the attorney who files the case. Designations such as “authorized agent”, “authorized signatory”, “authorized officer”, “representative of the plaintiffs servicer”, “representative of the plain *942 tiff’ and the like are meaningless, insufficient and tell the reader nothing. The rule requires a clean, plain statement of accuracy by a person who actually verifies the truth of the claims made, and who is identified as being in a position to actually do so.
(Emphasis omitted.)
The trial court erred in concluding that a foreclosure verification must state the signer’s position. Florida Rule of Civil Procedure 1.110(b) provides, in relevant part:
Rule 1.110. General Rules of Pleading
[[Image here]]
(b) Claims for Relief. ....
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
Thus, the rule does not require any information about the signer’s positional authority, and a court cannot “read more into [rule 1.110(b) ] than its plain language dictates.” BAC Home Loan Servicing, L.P. v. Stentz, 91 So.3d 235, 236 (Fla. 2d DCA 2012); accord Becker v. Deutsche Bank Nat’l Trust Co., 88 So.3d 361 (Fla. 4th DCA 2012).
REVERSED and REMANDED.
LAWSON and COHEN, JJ., concur.