DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUZ MARIANA DONADO** and **OSCAR DONADO,**
Appellants,

v.

**PENNYMAC CORP.,**
Appellee.

No. 4D14-1383

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE 10017106(11).

Vestalia Aylsworth of Aylsworth & Aylsworth, Miami, for appellants.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP, Jacksonville, for appellee.

KLINGENSMITH, J.

Luz Mariana and Oscar Donado ("appellants") appeal the trial court's final judgment of foreclosure in favor of PennyMac Corporation ("appellee"). On appeal, we consider whether the trial court erred by failing to dismiss the initial complaint for failure to include verification in its pleading as required by then-Florida Rule of Civil Procedure 1.110(b) ("rule 1.110(b)").[1] We hold that appellee's failure to verify its complaint caused it to be defective. We therefore reverse the final judgment of foreclosure

---

[1] The current version of rule 1.110(b) no longer contains the verification requirement for foreclosure actions on real property. *See* Fla. R. Civ. P. 1.110(b). The language was dropped from rule 1.110(b) in 2014 in light of the creation of new Florida Rule of Civil Procedure 1.115. *See id.* (stating in the committee notes that "[t]he last two paragraphs of rule 1.110(b) regarding pleading requirements for certain mortgage foreclosure actions were deleted and incorporated in new rule 1.115"); *see also* Fla. R. Civ. P. 1.115(e).

entered in favor of appellee and remand this case to the trial court for dismissal of the action without prejudice.

Because appellants' issue pertains to the sufficiency of the initial complaint, the appropriate standard of review is de novo. *See Rubenstein v. Primedica Healthcare, Inc.*, 755 So. 2d 746, 748 (Fla. 4th DCA 2000) ("Because the issue of whether a complaint is sufficient to state [a] cause of action is one of law, the standard of review is de novo."). Additionally, "[t]he standard of review of a trial court's interpretation of the rules of civil procedure is de novo." *R.T.G. Furniture Corp. v. Coates*, 93 So. 3d 1151, 1153 (Fla. 4th DCA 2012).

On April 19, 2010, appellee filed a complaint against appellants alleging one count of foreclosure, and attached both the note and the mortgage. The complaint did not contain any verification language as required by the Florida Supreme Court when it amended rule 1.110(b) to "require verification of mortgage foreclosure complaints involving residential real property." *In re Amendments to the Fla. R. Civ. P.*, 44 So. 3d 555, 556 (Fla. 2010). The court added the following language to that rule:

> When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
>
> "Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief."

*Id.* at 560.

The court also stated that the amendment was to "become effective immediately upon the release of this opinion," on February 11, 2010. *Id.* at 559.

After this opinion initially was released, the court issued a revised opinion on June 3, 2010. *See JP Morgan Chase Bank v. Jurney*, 86 So. 3d 1182, 1183-84 (Fla. 2d DCA 2012) (explaining the events following the initial February 11, 2010 publication of *In re Amendments to the Florida Rules of Civil Procedure*). This modified opinion also was dated February 11, 2010, and stated that the amendments were to be "effective immediately upon the release of this opinion." *Id.* at 1184. Moreover, the

revised opinion did not change any of the original opinion's amendments to rule 1.110(b).  *Id.*

In light of the issuance of the modified opinion, appellee maintains that the effective date of the amendment to rule 1.110(b) was the date of its release, specifically June 3, 2010.  Because the modified opinion was issued over two months after appellee filed its initial complaint, appellee claims that it was not required to include a verification.  That position is incorrect.

Because the court's modified opinion clearly lists February 11, 2010, as the effective date of the amendment to rule 1.110(b), this is the point in time after which all foreclosure complaints were required to contain a verification.  *See id.* (stating that "[i]t is the understanding of this court that, in this context, the supreme court intends rules to become effective on the issuance of the original opinion and to remain effective during any period in which a motion for rehearing can be filed or is pending"); *see also* Phillip Padovano, *Florida Appellate Practice* § 18.7, at 356-57 (2007-2008 ed.) (noting that finality and the effective date of an appellate decision are "distinct concept[s]," and stating that "[t]he effective date of an appellate decision is the date appearing on the face of the decision, even though most decisions do not actually become final until after the time has expired for filing a motion for rehearing . . . the date appearing on the decision is the effective date").  As such, appellee was required to file a foreclosure complaint containing either an oath, affirmation or verification language sufficient to comply with the rule.

It is clear from the record that the complaint at issue did not contain any of the verification elements necessary for compliance with the amendment to rule 1.110(b) in place at that time, nor were there any other terms or attachments that reasonably could have satisfied the verification requirement. *See, e.g.*, *BAC Home Loan Servicing, L.P. v. Stentz*, 91 So. 3d 235, 236 (Fla. 2d DCA 2012) (reversing trial court's decision to dismiss appellant's amended complaint with prejudice for failure to verify because the court found that appellant's "usage of the terms 'to the best of my knowledge and belief'" satisfied the verification requirement); *Becker v. Deutsche Bank Nat'l Trust Co.*, 88 So. 3d 361, 362 (Fla. 4th DCA 2012) (holding that the verification requirement in rule 1.110(b) was satisfied where "verification was attached to the complaint as a separate document rather than incorporated within it," and stating "[w]e will not read more into the rule than its plan language dictates").

Appellee's failure to include the necessary verification in its complaint constitutes a defect of such significance that the trial court should have dismissed this action without prejudice.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**