DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARL DOMINO, INC.,** and **CARL DOMINO,** individually,
Appellants,

v.

**MICHAEL DIXON, CAROL DIXON** and
**YOUR PLANNING PARTNER, LLC,**
Appellees.

No. 4D21-2986

[March 8, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2017-CA-004091-XXXX-MB-AH.

Carl Domino, Jupiter, for appellants.

Renee Marie Smith, Jupiter, for appellees.

WARNER, J.

Appellant, Carl Domino, Inc. ("CDI"), appeals a final judgment in favor of appellees, Michael and Carol Dixon and Your Planning Partner, LLC ("YPP"), on all counts of CDI's complaint against appellees as a result of their terminating their association with CDI. CDI also appeals the final judgment in favor of Michael on a counterclaim against it for unpaid commissions. Appellant, Carl Domino, individually, appeals a final judgment in favor of Michael and against him on a third-party complaint for unpaid expenses on an apartment that Domino and Michael owned together. We affirm the final judgment against CDI both on its claims and Michael's counterclaim. We reverse the final judgment on the third-party complaint, because the complaint was improper under Florida Rule of Civil Procedure 1.180.

**Facts**

CDI is a wealth management firm established by Domino. Domino brought Michael into CDI as his sole partner in 2004. Michael served as

CDI's chief operating officer. Michael's daughter Carol also worked at CDI beginning in August 2006 performing administrative functions.

In 2016, Michael terminated his relationship with CDI and went to work for YPP, also a wealth management business formed by Carol. Several clients with whom they worked at CDI became clients of YPP.

CDI filed suit against Michael, Carol and YPP in April 2017, alleging multiple causes of action. The claims tried included: defamation against Michael and Carol for disparaging the viability of CDI; unjust enrichment against Michael; violation of duty and loyalty against Carol and Michael for soliciting clients while still employed, or as an officer of CDI; and destruction of corporate files against Carol. Essentially, CDI argued that Michael and Carol took information from CDI and used it to solicit clients, violating their duties to CDI and unjustly enriching themselves, and YPP vicariously. In the unjust enrichment count, CDI alleged that Michael had been paid according to a contract which had not been signed, and thus CDI should be equitably entitled to the return of those monies.

Appellees filed an answer and affirmative defenses. They did not include counterclaims or third-party claims. In September 2020, Michael moved for leave to file a counterclaim against CDI and a third-party complaint against Domino. In the counterclaim, Michael alleged breach of contract and unjust enrichment for unpaid wages and commissions. In the third-party complaint against Domino, Michael alleged that Domino had not paid his proportionate share of expenses for an apartment he and Domino owned together as tenants in common. He sought contribution from Domino for his portion of the apartment expenses and partition of the property.

CDI and Domino objected to both the counterclaims and the third-party complaint, respectively. As to the counterclaim, CDI alleged that it was not filed within the statute of limitations for unpaid wages. As to the third-party complaint, Domino alleged that it was not a claim for subrogation, contribution, or indemnification. Over those objections, the trial court granted Michael's motion for leave to file his counterclaim and third-party complaint. Domino filed a motion to dismiss the third-party complaint, again alleging that it was an improper third-party complaint based on Florida Rule of Civil Procedure 1.180. The court denied the motion, and Domino answered the third-party complaint.

The case proceeded to a bench trial. CDI called Michael and Carol as witnesses, interrogating them on the salary structure, their contacts with

clients, and what they took with them when they left the firm. CDI also called a former client to testify about communications which the client had with Michael before withdrawing his account from CDI.

Michael testified as to the amount that CDI still owed him and provided spreadsheets to support his calculations. He also testified at length about the apartment expenses.

Domino testified as to the workings of an investment advisory firm. He testified that Michael was CDI's financial operations manager and Michael was responsible for calculating his own salary. Domino testified that he had "no idea" what Michael was owed. Domino also testified regarding the apartment and their arrangement.

The court entered final judgment in favor of Michael, Carol, and YPP on all of CDI's claims, finding insufficient evidence to support any of CDI's causes of action. As to Michael's counterclaim for unpaid wages, the court found Michael had an agreement with CDI and was due monies pursuant to that agreement. The court awarded a sum based on Michael's testimony. The court also found for Michael on the third-party complaint, ordering Domino to pay the expenses which Domino owed on the apartment and ordering the apartment be partitioned. After motions for rehearing were denied, both CDI and Domino appeal.

## Analysis

Domino argues that the court erred in granting leave to file the third-party complaint against him in this action, because it was not a proper complaint under rule 1.180. The standard of review for the sufficiency of a complaint is de novo. *Donado v. PennyMac Corp.*, 174 So. 3d 1041, 1042 (Fla. 4th DCA 2015). The standard of review for the trial court's interpretation of the rules of civil procedure also is de novo. *Id.*

Rule 1.180 governs third party complaint practice. That rule provides:

> At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action *who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant, and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim.*

3

Fla. R. Civ. P. 1.180(a) (emphasis added). In *Leggiere v. Merrill Lynch Realty/Fla., Inc.*, 544 So. 2d 240 (Fla. 2d DCA 1989), the Second District interpreted this rule as requiring the third-party plaintiff to allege a claim of indemnification, subrogation, or contribution against the third-party defendant before the third-party plaintiff could also allege any other claim arising out of the same transaction, stating:

> The sole question for our consideration is whether under Rule 1.180, Florida Rules of Civil Procedure, a defendant who seeks to assert a derivative third party claim must first allege against the third party defendant a cause of action based on indemnification, subrogation or contribution before the third party complainant may assert any other claim against the third party defendant that grows out of the transaction or occurrence that is the subject matter of the original plaintiff's claim. We hold that the third party claimant must first so allege against the third party defendant a claim for indemnification, subrogation or contribution. Prior to 1984, Rule 1.180 was clearly limited to allow third party actions only for indemnification, subrogation or contribution. In 1984, the first sentence of Rule 1.180(a) was amended to provide as follows:
>
> > *At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim.*
>
> (Emphasis supplied.)
>
> The [emphasized] portion of that first sentence of Rule 1.180(a) contains the principal added language and the essential change made in the provision of the rule, and is the language of primary importance to us in reaching our conclusion. It is clear to us that by use of the word "and" rather than "or" at the beginning of the added language the rule change was meant to allow a claim in addition to but not in absence of a claim for indemnification, subrogation or contribution.

4

*Id.* at 241–42. We adopted *Leggiere* in *Dhaliwal v. Don L. Leasing Co.*, 600 So. 2d 533, 534 (Fla. 4th DCA 1992). *See also N.Y. Buffet, Inc. v. Certain Underwriters at Lloyd's London*, 950 So. 2d 438, 439 (Fla. 4th DCA 2007) ("A claim for indemnification, subrogation, or contribution must be brought as part of any third-party action under the rule.").

Michael did not bring a claim for indemnification or subrogation in his third-party complaint. While he sought contribution from Domino for the apartment expenses, contribution under third-party practice means the third-party defendant contributing to a judgment secured against the third-party plaintiff in the main action. *See Gortz v. Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams*, 769 So. 2d 484, 486–87 (Fla. 4th DCA 2000) ("A claim for contribution arises when 'parties have a common liability to the injured person.'") (quoting *Fla. Farm Bureau Cas. Co. v. Batton*, 444 So. 2d 1128, 1129 (Fla. 4th DCA 1984)). Here, the third-party complaint did not allege any common liability between Michael and Domino to another party.

Michael's sole response to Domino's claim that the third-party complaint was improper is to contend that neither the order granting the motion to file a third-party complaint nor the order denying his motion to dismiss the third-party complaint are part of appellate review from the final judgment. Michael's argument lacks any merit, as an appeal from the final judgment is the first time Domino could challenge these orders.

An order denying a motion to dismiss a third-party complaint is an interlocutory order not appealable under Florida Rule of Appellate Procedure 9.130. In *Maryland Casualty Co. v. Century Construction Corp.*, 656 So. 2d 611 (Fla. 1st DCA 1995), the court confirmed, "[W]e hold that the order denying [third-party defendant's] motions to dismiss is not immediately appealable pursuant to rule 9.130(a)(4). Rather, *review must await the entry of a final order in the third-party action.*" *Id.* at 612 (emphasis added). Although rule 9.130(a)(4) has changed since 1995, the rule still does not contain any mechanism to appeal an order granting a motion to file a third-party complaint, or an order denying a motion to dismiss such a complaint. Thus, this is the first opportunity which Domino had to challenge the trial court's orders.

While some discretion may reside in a trial court as to whether a third-party complaint arises out of the subject matter of the plaintiff's claim, there is no dispute in this case that the third-party complaint had nothing to do with CDI's claims against Michael, and Michael does not contend

that he made any other claim of indemnity, subrogation, or contribution. The apartment ownership was entirely independent of both Michael's and Domino's business relationships with CDI. Therefore, the court erred in allowing the third-party complaint to proceed. *See also Mandala v. Sarrow*, 234 So. 2d 14, 14 (Fla. 4th DCA 1970) (reversing summary judgment on third-party complaint, not on the merits but because trial court allowed improper joinder of third-party action contrary to rule 1.180, stating, "if we should merely reverse, upon conclusion of the case the company could successfully appeal the trial court's action in denying its motion to dismiss because of its improper joinder under Florida Rules of Civil Procedure, Rule 1.180").

As to the final judgment on Michael's counterclaim for commissions or wages due, CDI argues that Michael's claim was compulsory and was time barred because it was not brought until a year and a half after the suit commenced.[1] Michael did not assert a counterclaim in his original answer, but he did allege an affirmative defense that he was owed money from CDI. Michael then requested court permission to assert a counterclaim on this issue. While Florida Rule of Civil Procedure 1.170(a) does provide that all counterclaims which the defendant has against the plaintiff arising out of the same transaction must be raised at the time the pleading is served, a defendant may later file a counterclaim by leave of court pursuant to rule 1.170(f):

> **Omitted Counterclaim or Crossclaim**. When a pleader fails to set up a counterclaim or crossclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may set up the counterclaim or crossclaim by amendment with leave of the court.

Michael requested and was granted leave to file the counterclaim. CDI has not shown that the trial court abused its discretion in permitting Michael to file the counterclaim, particularly since he had given notice of his claim in an affirmative defense.

CDI also argues that the trial court's judgment is not supported by competent substantial evidence as to the amount of Michael's unpaid wages and commissions. At trial, Domino offered no evidence to challenge Michael's testimony as to the amount owed. Thus, the trial court did not err in adopting the amount to which Michael testified.

---

[1] On appeal, CDI does not argue that Michael's claim is barred by the statute of limitations for wage claims.

As to the remaining claims, the trial court found no competent, substantial evidence supported those claims. "When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence." *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008). We have reviewed the record and conclude that the trial court's findings meet this standard.

One other ruling requires reversal. The trial court ruled that Michael was entitled to attorney's fees "as provided for by Florida Statute," without citing to any specific statute. The First District heard this same issue in *Cadenhead v. Gaetz*, 677 So. 2d 96 (Fla. 1st DCA 1996), and the court wrote:

> Generally, attorney's fees are not awarded unless authorized by statute or contract. Here, the lower court failed to cite to any statute or contract authorizing an award of attorneys' fees and failed to state any exception to this general rule. On remand, the trial court shall either provide an appropriate legal basis for the attorneys' fee award or strike it.

*Id.* at 97 (internal citation omitted); *see also Frymer v. Brettschneider*, 710 So. 2d 10, 11–12 (Fla. 4th DCA 1998). We agree and remand for the court to either state a legal basis for fees or to deny fees.

### Conclusion

The trial court erred in granting Michael's motion for leave to file a third-party complaint against Domino based upon a transaction entirely unrelated to the main complaint. The court also erred in awarding Michael attorney's fees on his counterclaim without providing statutory authority. The court's findings in favor of appellees on CDI's claims and in favor of Michael on the counterclaim are supported by competent, substantial evidence.

We thus reverse the final judgment for Michael on his third-party complaint, and remand with instructions to dismiss the claim. We also reverse the award of attorneys' fees to Michael as defendant/counter-plaintiff. We affirm the judgment in favor of the Dixons and YPP on CDI's claims and affirm the judgment in favor of Michael on his counterclaim. We remand for further proceedings in accordance with this opinion.

*Affirmed in part and reversed in part.*

7

KLINGENSMITH, C.J., and CIKLIN, JJ., concur.

\*　　　\*　　　\*

*Not final until disposition of timely filed motion for rehearing.*